UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEDRIC DENT** | **CIVIL ACTION** |
| **VERSUS** | **NO.  05-2595** |
| **BURL CAIN** | **SECTION "F"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

## I.      Factual Background

The petitioner, Cedric Dent ("Dent"), is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On November 13, 1997, Dent was indicted by an Orleans Parish Grand Jury

---

[1]Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

for the Second Degree Murder of Anthony Melton which occurred in front of the Jackson Supermarket on September 2, 1997.[3]

The record reflects that, on the day of the murder, Jerry Hamilton left his cousin Melton, the victim, at the Jackson Supermarket to go to another store. Upon his return, he joined Melton who was behind Dent in the checkout line. Dent completed his transaction and exited the store. Dent stood outside near a payphone looking at Hamilton. Dent and Hamilton then exited the store. After walking about one hundred feet, Hamilton heard a gunshot. He turned to see Dent pointing a gun at him. Dent stood there for about ten seconds before running off. Melton had been shot in the back of the head. Hamilton and another witness later identified Dent as the shooter.

Dent was tried before a jury on May 17 and 18, 1999, and was found guilty as charged.[4] On May 25, 1999, the Trial Court sentenced Dent to life imprisonment without benefit of parole, probation or suspension of sentence.[5] The court also denied the Motion to Reconsider Sentence filed by counsel at the hearing.[6]

On appeal to the Louisiana Fourth Circuit Court of Appeal, Dent's counsel alleged that the evidence was insufficient to support the verdict.[7] Dent also raised pro se arguments regarding

---

[3]St. Rec. Vol. 1 of 3, Indictment, 11/13/97. The facts were taken from the opinion of the Louisiana Fourth Circuit Court of Appeal on direct appeal. St. Rec. Vol. 1 of 3, 4th Cir. Opinion, 2000-KA-0127, p. 1-2, 1/24/01; *State v. Dent*, 786 So.2d 981 (La. App. 5th Cir. 2001) (Table).

[4]St. Rec. Vol. 1 of 3, Trial Minutes, 5/17/99; Trial Minutes, 5/18/99; Jury Verdict, 5/18/99; Trial Transcript, 5/17-18/99.

[5]St. Rec. Vol. 1 of 3, Sentencing Minutes, 5/25/99; Sentencing Transcript, 5/25/99.

[6]*Id.*; St. Rec. Vol. 1 of 3, Motion to Reconsider Sentence, 5/25/99.

[7]St. Rec. Vol. 1 of 3, 4th Cir. Opinion, 2000-KA-0127, 1/24/01; *State v. Dent*, 786 So.2d at 981.

insufficiency of the evidence and other non-specific Fourth and Fifth Amendment violations.[8] On

January 24, 2001, the Louisiana Fourth Circuit affirmed the conviction and sentence finding the

claims to be without merit.[9]

Dent filed a timely[10] pro se Writ Application with the Louisiana Supreme Court seeking

review of his appeal.  The Application was denied without reasons on January 11, 2002.[11]

Dent's conviction became final 90 days later, April 11, 2002, since he did not file a writ

application with the United States Supreme Court.  *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.

1999) (period for filing for certiorari with the United States Supreme Court is considered in the

finality determination under Title 28 U.S.C. § 2244(d)(1)(A)); U.S. Sup. Ct. Rule 13(1).

## II.    **Procedural Background**

Over seven months later, on November 19, 2002, Dent filed an Uniform Application for Post

Conviction Relief in the Trial Court.[12] Dent raised two claims: (1) the specific intent jury instruction

---

[8]*Id*.; Supplemental Brief, 8/30/00.

[9]*Id.*

[10]La. S.Ct. R. X§5provides that an application seeking review of the judgment of the court of appeal shall be filed or postmarked within 30 days of the issuance of the judgment.  See *Marshall v. Cain*, 155 Fed. Appx. 769, 2005 WL 3115095 (5th Cir. Nov. 22, 2005) (postmark date controls under La. S. Ct. Rule X§5); *see also* La. Code Crim. Proc. art. 922(A).  For purposes of the mailbox rule, August 12, 2001, would have been the earliest date he could have presented it to prison officials for mailing.  *See Causey v. Cain*, ___ F.3d ___, 2006 WL 1413490 (5th Cir. May 24, 2006) (the prisoner mailbox rule applies to filings in Louisiana state courts).  Dent's Application was filed on March 22, 2001.  However, the pleading was dated February 6, 2001 and postmarked February 7, 2001.  These dates fall within the time limits of La. S. Ct. Rule X§5.

[11]*State v. Dent*, 807 So.2d 228 (La. 2002); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2001-KO-0774, 1/11/02.

[12]St. Rec. Vol. 2 of 3, Uniform Application for Post Conviction Relief, signed 11/16/02.  The filing date does not appear on the copy in the record.  However, in its decision, the Trial Court indicated that the pleading was filed on November 19, 2002.

was defective; and (2) counsel was ineffective for failing to object to the specific intent jury charge. The Trial Court denied the application as meritless on February 5, 2003.[13]

Dent filed an untimely[14] Writ Application with the Louisiana Fourth Circuit on March 20, 2003 raising the same two issues.[15]  The Court denied the Application finding no error in the Trial Court's ruling.[16]

On May 22, 2003, Dent filed for timely[17] review in the Louisiana Supreme Court.[18]  The Court denied the Application without reasons on April 23, 2004.[19]

## III.    <u>Federal Petition</u>

On July 14, 2005, Dent filed a Petition for Federal Habeas Corpus Relief in which he alleged the following grounds for relief:[20] (1) the specific intent jury instruction was unconstitutionally

---

[13]St. Rec. Vol. 3 of 3, Trial Court Judgment, 2/5/03.

[14]Louisiana law provides a 30 day period to file for review of a trial court's ruling with the circuit court of appeal. La. App. Rule 4-3; *see also*, La. Code Crim. P. art. 922.  In this case, Dent dated the Application on March 8, 2003 and it was filed with the court on March 20, 2003.  Both dates are more than 30 days after the Trial Court's February 5, 2003, ruling.

[15]St. Rec. Vol. 2 of 3, Application for Writs, 2003-K-0545, 3/20/03 (dated 3/8/03).

[16]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2003-K-0545, 4/17/03.

[17]The Writ Application was filed in the Louisiana Supreme Court on May 22, 2003.  However, the pleading was dated by Dent on May 30, 2003, and postmarked May 7, 2003.  Both dates are within the time period allowed under La. S. Ct. Rule X§5.

[18]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 03-KH-1432, 5/22/03 (dated 4/30/03, postmarked 5/7/03).

[19]*State ex rel. Dent v. State*, 870 So.2d 291 (La. 2004); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2003-KH-1432, 4/23/04.

[20]Rec. Doc. No. 3.

defective; and (2) counsel was ineffective for failing to object to the specific intent jury charge.

The State filed a Response to Dent's federal petition alleging that the petition is not timely filed.[21]

## IV.  <u>Standards of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[22] applies to Dent's petition, which is deemed filed in this court under the federal mailbox rule on June 17, 2005.[23]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  In this case, the State has raised the untimeliness of the petition as its defense.

---

[21]Rec. Doc. No. 10.

[22]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[23]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Dent's federal habeas petition on July 14, 2005, when he paid the filing fee.  Dent did not date his signature on the petition itself.  The envelope in which the pleadings were mailed bears a postmark date of June 22, 2005. Furthermore, Dent dated the signature on the pauper application on June 17, 2005 and it was submitted with the petition. This is the earliest date on which it could have been submitted the pleadings to prison officials for mailing.  The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

## V.       Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[24]  *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).  Under the AEDPA, Dent's conviction became final on April 11, 2002.  Under the plain language of § 2244, he had until April 11, 2003, to file a timely federal application for habeas corpus relief and he failed to do so. Thus, literal application of the statute would bar Dent's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

### A.       Statutory Tolling

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a State post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-414 (2005); *Williams v.*

---

[24]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

| | | |
|---|---|---|
| A. | the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; |
| B. | the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions; |
| C. | the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or |
| D. | the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. |

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

*Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th

Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th Cir.

1999).  The United States Fifth Circuit has clarified its prior opinions to the contrary and resolved

that timeliness in Louisiana, for purposes of the AEDPA, requires application of the prison mailbox

rule.  *Causey v. Cain*, __ F.3d __, 2006 WL 1413490 at *3-*4 (5th Cir. May 24, 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral

review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams v.*

*Cain*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate

review is unavailable under Louisiana's procedures.) (quoting *Bennett v. Artuz*, 199 F.3d 116, 120

(2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir.

2001).

The phrase "other collateral review" in the statute refers to state court proceedings

challenging the pertinent judgment subsequently challenged in the federal habeas petition.

*Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior

conviction in one county was other collateral review even though filed as a challenge to a second

conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3rd Cir. Aug. 30,

2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or

claim" requires that the state filings for which tolling is sought must have challenged the same

conviction being challenged in the federal habeas corpus petition and must have addressed the same

substantive claims now being raised in the federal habeas corpus petition.  *Godfrey v. Dretke*, 396

F.3d 681, 686-88 (5th Cir. 2005).

The federal courts have also determined that requests for transcripts and copies of documents from the record are not "applications for post-conviction or other collateral review" and therefore do not affect the timeliness calculations. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); *see also Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, 2002 WL 63541 (E.D. La. Jan. 16, 2002); *Jones v. Johnson*, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript, not required to file an application, does not warrant equitable tolling).

In this case, Dent's AEDPA filing period began to run on April 12, 2002, the day after his conviction became final. The filing period ran uninterrupted for 218 days, until November 16, 2002, when Dent signed his Uniform Application for Post Conviction Relief which was filed in the Trial Court on November 19, 2002. The Application remained pending until March 7, 2003, when Dent failed to timely seek review in the appellate court.

No federal filing time elapsed, however, before Dent signed the Writ Application on March 8, 2003, which was filed in the Louisiana Fourth Circuit on March 20, 2003. The Writ Application remained pending, thereby tolling the AEDPA filing period, until April 23, 2004, when the Louisiana Supreme Court denied the subsequent and related Writ Application to that court.

The AEDPA filing period began to run again on April 24, 2004, and did so without interruption for the remaining 147 days, until September 17, 2004, when it expired. Dent had no properly filed state application for post conviction relief or other collateral review pending during

that time period.  His federal petition is deemed filed on June 17, 2005, nine months after the

AEDPA filing period expired.

Dent's federal habeas petition is therefore untimely under the statutory tolling calculation

above.  The Court must now determine whether he is entitled to equitable tolling of the period so

described.

### B.    Equitable Tolling

The doctrine of equitable tolling allows for tolling of the AEDPA's limitation period when

the petitioner has been pursuing his rights diligently and there are rare or extraordinary

circumstances preventing timely filing.  *Pace*, 544 U.S. at  418 ; *see also Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001);*Cantu-Tzin v. Johnson*, 162 F.3d

295, 299 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999); *Davis v. Johnson*, 158 F.3d 806, 810

(5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations

where the petitioner was actively misled or is prevented in some extraordinary way from asserting

his rights.  *Pace*, 544 U.S. at 418-419; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

At the time of the filing of his petition, Dent filed a Motion for Late Filing in which he asked

that the untimeliness of his federal petition be excused.[25]  Although the Motion was denied as

premature, Dent was advised that the Court would consider his requests as one for equitable tolling

in assessing the timeliness of his petition.[26]  The Court will do so here.

---

[25]Rec. Doc. No. 4.

[26]Rec. Doc. No. 11.

In the Motion, under a broad reading, Dent requested equitable tolling for the period of time he was placed in lock-down[27] and unable to access the law library.  The disciplinary proceedings are substantively unrelated to the conviction and sentence being challenged in this petition.  However, in support of his request for tolling, he attached copies of his conduct report dating from March 3, 2001 to April 22, 2005.  The copy of the report is not verified or certified in anyway.  Dent also does not specify which disciplinary proceedings he alleges interrupted his filing ability nor did he in anyway analyze or explain the submission.

Nevertheless, in the instant case, the Court focuses its attention on the two extended periods of time when Dent had no pending state post conviction or other collateral review, which allowed the federal filing period to run against him.  That is, the 218-day period from April 11, 2002 until November 16, 2002 and the 419-day period from April 23, 2004 until June 17, 2005, when he signed his federal petition.

A review of the conduct report reflects that during the first period of time, Dent had two disciplinary violations, on October 5, 2002, and November 12, 2002, for which he did not receive cell confinement as part of his disciplinary sentences.  Assuming that he spent the pre-hearing periods, from the incidents to the hearing dates, in cell confinement, the total period would have been a mere 13 days.

During the second relevant period, from April 23, 2004 until June 17, 2005, the record shows that Dent had four disciplinary violations, on May 20, 2004, January 4, 2005, February 22, 2005, and April 14, 2005.  According to the report, he was given a total of 40 days in cell confinement in connection with two of these violations.  Assuming that he spent the pre-hearing periods in

_____

[27]Lock-down is a term referring to a period of cell confinement in connection with a prison disciplinary violation.

confinement, the total of that time would have been another 24 days.  Thus, out of the 637 days Dent

allowed to pass without filing in either a state court or this federal court, he may have spent up to

77 days in disciplinary confinement.  This means that he allowed 419 days to pass between his last

state court proceeding until filing in this federal court without exercising any effort to file timely in

this Court.  The sporadic time he may have spent in disciplinary confinement is insignificant to the

amount of time he had available to file his federal petition.

    In sum, after exhausting state court remedies in the Louisiana Supreme Court on April 23,

2004, he allowed 419 days to pass, 276 of which were after the AEDPA filing period expired, before

he submitted his federal petition.  Only 64 of those days were potentially impacted by his

disciplinary matters.  His suggestion otherwise is rejected.

    It is also significant to note that his federal petition consists of nothing more than a partially

completed federal form and a duplicate copy of the post conviction memorandum he filed in the

State Trial Court in November of 2002.  This is hardly a sign that Dent required extended library

time to file his federal petition.

    The Court finds no extraordinary reason to equitably toll any of the time Dent alleges to have

spent in disciplinary confinement.  *See Melancon*, 259 F.3d at 408 (noting that "[e]quitable tolling

applies principally where the plaintiff is actively misled by the defendant about the cause of action

or is prevented in some extraordinary way from asserting his rights."); *see also*, *Bilbrew v. Dretke*,

2006 WL 1007521 (S.D. Tex., April 18, 2006) (concluding that unsupported allegations that prison

conspiracy caused inmate to remain in disciplinary confinement and delayed his federal petition did

not warrant equitable tolling); *Bryant v. Cockrell*, 2003 WL 23407520 (N.D. Tex., Feb. 27, 2003)

(concluding that delay in filing federal habeas petition caused by prisoner's disciplinary infractions

was not rare and exceptional circumstance). Dent has failed to show any diligence in his efforts to proceed timely to federal court. Thus, the record does not reflect any basis for awarding equitable tolling in this case.

### C.      Conclusion

For all of the foregoing reasons, Dent's federal habeas corpus petition, deemed filed on June 17, 2005, was filed nine months after the AEDPA filing period expired on September 17, 2004, as calculated above. His federal habeas petition is untimely and should be dismissed as time barred.

## VI.      Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Cedric Dent's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____22nd_____ day of _____June_____, 2006.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

12